## 57693. PICKERING CONSTRUCTION COMPANY, INC. v. PRESSLEY et al.

QUILLIAN, Presiding Judge.

The plaintiffs as trustees of a union pension fund and health and welfare fund bring this action against the defendant, a construction company, seeking to recover certain fringe benefit contributions allegedly owed the trustees under the terms of a collective bargaining agreement. The defendant appealed from the trial judge's grant of a summary judgment in favor of the plaintiffs. *Held:*

The collective bargaining agreement involved in this case was entered into between the United Brotherhood of Carpenters and Joiners of America and the Pickering Construction Company on April 30, 1971. It provides in part "The Company agrees to recognize the jurisdictional claims of the United Brotherhood of Carpenters and Joiners of America, to work the hours, pay the wages and fringe benefits and observe the lawful working conditions (including lawful union shop agreements) established or agreed upon by the United Brotherhood of Carpenters and Joiners of America and the recognized agency of the locality in which any work of the Company is being done, with respect to journeymen carpenters employed by the Company. No change is to be made in the hours, wages and other conditions established or agreed upon in any locality."

Contained in a supplemental record sent to this court is a brief to which attached for reference is an agreement styled as follows "Agreement Between The Atlanta Contractors' Labor Committee of the Georgia Branch, Associated General Contractors of America, Inc. and the Atlanta Interior Contractors Association, Inc. and the Resilient Floor Covering Contractors Association, Inc. and The Carpenters District Council of Atlanta and Vicinity of the United Brotherhood of Carpenters and Joiners of America for Commercial and Industrial Carpentry Construction." This agreement has express provisions for the payment of fringe benefits, the amount and manner thereof.

The trial judge's order, inter alia, contained the

following findings: "Plaintiffs are trustees of the Carpenter's Local Union Benefit Funds and are charged with the duty of administering and collecting certain union negotiated benefits from contractors who have a contract with the union. The defendant Pickering Construction Company, Inc. entered into a contract with the United Brotherhood of Carpenters and Joiners of America on April 30, 1971, which agreement has never been rescinded or otherwise terminated by Pickering. The collective bargaining agreement entered into between the United Brotherhood of Carpenters and Joiners of America and the Associated General Contractors of America of which Pickering Construction Company, Inc. is a member requires the payment by contractors who employ union members within the territory of the Carpenters Local of certain sums to benefit funds for each hour an employee works for the employer. Defendant has admitted that certain employees worked for Pickering between February 1975 and February of 1977. The court finds that the total amount required of defendant Pickering between [sic] Pickering's agreement is $7,172.27."

The trial judge apparently found the second agreement was the one to which reference was made in the collective bargaining agreement of April 30, 1971. However, the record is totally devoid of any proof establishing this fact. The plaintiffs' brief stated that the agreement was the one referred to in the April 30, 1971 agreement, but no substantiation for this assertion was offered. In essence, we merely have the original agreement of April, 1971 and then the other agreement with no identification made which conclusively ties the two together or shows that the latter is the one included in the former. On plaintiffs' motion for summary judgment the proof offered must establish as a matter of law the plaintiffs' right to recover. Under the circumstances here this is not true. Therefore it was error for the trial judge to grant a motion for summary judgment.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED APRIL 5, 1979 — DECIDED MAY 14, 1979.

*Candler, Cox, Andrews & Hansen, E. Lewis Hansen,* for appellant.

*Zachary & Segraves, J. Ed Segraves,* for appellees.